J-S83039-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY MICHAEL JACOBS, | : | |
| | : | |
| Appellant | : | No. 664 WDA 2016 |

Appeal from the PCRA Order April 13, 2016,
in the Court of Common Pleas of Fayette County,
Criminal Division at No(s): CP-26-CR-0001445-2013
CP-26-CR-0001446-2013

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:　　　　**FILED JANUARY 19, 2017**

Anthony Michael Jacobs (Appellant) appeals *pro se* from the order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On January 6, 2014, Appellant entered pleas to various drug offenses at docket numbers CP-26-CR-0001445-2013 (1445-2013) and CP-26-CR-0001446-2013 (1446-2013).[1]  On January 28, 2014, he was sentenced to a term of incarceration of one and a half to three years at docket number 1445-2013, to be served concurrently with a term of five to ten years of incarceration imposed at docket number 1446-2013.  Appellant's sentence at

---

[1] While the lower court's docket entries indicate that Appellant entered guilty pleas at both docket numbers, it is unclear from the transcript of the January 6, 2014 plea proceeding whether Appellant pled guilty or *nolo contendere* to the charges at issue.  N.T., 1/6/2014, at 9-14.  In any event, this distinction does not affect our disposition.

*Retired Senior Judge assigned to the Superior Court.

docket number 1446-2013 was predicated upon the mandatory minimum sentence found at 18 Pa.C.S. § 7508(a)(3)(ii).[2] Appellant did not file a direct appeal.

On November 2, 2015, Appellant *pro se* filed a PCRA petition seeking resentencing on the basis that his sentence is illegal under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013) (holding that a fact which triggers the imposition of a mandatory minimum sentence is an element of the crime and must, therefore, be determined beyond a reasonable doubt by a jury), and its progeny. Counsel was appointed and, thereafter, counsel sought to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On February 10, 2016, the PCRA court granted counsel permission to withdraw and issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 on the basis that the petition was untimely filed. On March 1, 2016, Appellant filed a response to the court's Rule 907 notice and, by order dated April 13, 2016, the PCRA court dismissed the petition. This appeal followed.

Before we reach the merits of the issues presented, we consider whether the petition was timely filed. The timeliness of a PCRA petition is

---

[2] As part of Appellant's plea agreement, the Commonwealth agreed not to seek the mandatory minimum sentence implicated in the matter listed at docket number 1445-2013, but would seek the mandatory minimum sentence implicated in the matter listed at docket number 1446-2013. ***Id.*** at 6, 11-12.

jurisdictional. **See**, **e.g.**, **Commonwealth v. Lewis**, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b)(1)-(2). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, or at the expiration of time for seeking the review. 42 Pa.C.S. § 9545(b)(3).

Appellant was sentenced on January 28, 2014, and he did not file a direct appeal; thus, his judgment of sentence became final on February 27, 2014. Therefore, he had until February 27, 2015, to file timely a PCRA petition. Appellant did not file his petition until November 2, 2015. Thus, the petition is facially untimely, and Appellant had the burden of pleading and offering to prove one of the following exceptions to the time-bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Moreover, "[a]ny petition invoking an exception provided in [42 Pa.C.S. § 9545(b)(1)] shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant does not claim the timeliness exception set forth in 42 Pa.C.S. § 9545(b)(1)(i) applies herein.   Moreover, "the Pennsylvania Supreme Court has held that subsequent decisional law does not amount to a new fact under section 9545(b)(1)(ii) of the PCRA."   *Commonwealth v. Whitehawk*, 146 A.3d 266 (Pa. Super. 2016) (quoting *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011)).   Additionally, with respect to the third timeliness exception above, our Supreme Court has held that "*Alleyne* does not apply retroactively to cases pending on collateral review."[3]

---

[3] In his response to the trial court's Rule 907 notice and in his appellate brief, Appellant argues that his legality-of-sentence claim is nonwaivable and that he is not claiming he is entitled to retroactive application of *Alleyne*, as that decision was rendered on June 17, 2013, before his sentence was imposed on January 28, 2014.   Nonetheless, these circumstances do not negate his obligation to raise his legality-of-sentence claim in a PCRA petition which either is filed timely or meets a timeliness exception.   *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) ("[A]n issue pertaining to *Alleyne* goes to the legality of the sentence. … As this Court recently noted, [t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised … in an

- 4 -

***Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016). Finally, Appellant filed his petition more than 60 days after ***Alleyne*** was decided.[4] ***See Commonwealth v. Brandon***, 51 A.3d 231, 235 (Pa. Super. 2012) (providing that the sixty-day time period with respect to new decisional law begins to run upon the date of the underlying judicial decision).

Because Appellant's PCRA petition was untimely filed and he has failed to establish that an exception to the time-bar applies, the PCRA court properly dismissed the petition for lack of jurisdiction. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2017

---

untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." (internal quotation marks and citation omitted)).

[4] To the extent Appellant relies upon ***Commonwealth v. Cardwell***, 105 A.3d 748 (Pa. Super. 2014), and ***Commonwealth v. Fennell***, 105 A.3d 13 (Pa. Super. 2014), both of which found 18 Pa.C.S. § 7508 unconstitutional in light of ***Alleyne***, we note that ***Cardwell*** was decided on November 25, 2014, and ***Fennell*** was decided on November 21, 2014. Thus, those decisions do not benefit Appellant with respect to meeting the PCRA timeliness requirements, including the 60-day requirement set forth in subsection 9545(b)(2).